IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:11-CR-23 (WLS) |
| TRINA SUTTON, | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is Defendant Trina Sutton's Motion for a Sentence Reduction (Doc. 212). For the following reasons, Defendant's Motion is **DENIED**.

In her Motion, Sutton seeks a sentence reduction based on her acceptance of responsibility and substantial assistance to the Government. Sutton admits that she was not given an acceptance of responsibility deduction at sentencing because of new charges against her for aggravated assault. (Doc. 212 at 2.) She also admits that the Government also did not file a 5k.1 substantial assistance motion because of the new charges against her. *Id.* The Court notes that Sutton's Motion contains no attached documentation to support the existence of any promise from the Government regarding motions for downward departure.

Regarding acceptance of responsibility, Sutton's plea agreement stated:

If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive a downward adjustment in the advisory guideline range. But the decision whether the Defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying Defendant's involvement, giving conflicting statements as to Defendant's involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

Sutton's Third Revised Final Presentence Investigation report stated that a three-level reduction for acceptance of responsibility was not warranted because of her subsequent aggravated assault charge, which the probation office believed indicated that she had not accepted responsibility for her actions. (Doc. 180 at 5, 6.) The Court finds that Sutton has not alleged a breach of her plea agreement or reasons to support overturning the Court's decision, made in its sound discretion, not to reduce her sentence because of acceptance of responsibility based on her aggravated assault charge.

Further, nothing in Sutton's plea agreement required the Government to file a motion for downward departure for providing substantial assistance. To the contrary, Sutton's plea agreement provided only that the Government would "consider" whether Sutton provided substantial assistance and left that determination "solely with the Government." "Where . . . a plea agreement states that the government will 'consider' whether the defendant's cooperation qualifies as substantial assistance and that this determination is in the government's sole discretion, the government does not breach the agreement by failing to file a substantial assistance motion." *United States v. Bell*, 465 F. App'x 892, 894 (11th Cir. 2012). The Court cannot, in this case, compel the Government to file a motion for downward departure for providing substantial assistance because that decision is within the Government's sole discretion.

Accordingly, for the foregoing reasons, Sutton's Motion for a Sentence Reduction is **DENIED**.

**SO ORDERED**, this 29th day of October, 2014.

                                            /s/ W. Louis Sands
                                            **W. LOUIS SANDS, JUDGE**
                                            **UNITED STATES DISTRICT COURT**